**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Mantara, Inc. *et al.*,<br><br>         Debtors. | Chapter 11<br><br>Case No. 13-13370 (____)<br><br>(Joint Administration Requested) |
| In re:<br><br>UNX LLC,<br><br>         Debtors. | Chapter 11<br><br>Case No. 13-13371 (____)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Mantara, Inc. ("**Mantara**") and UNX LLC ("**UNX**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "**Debtor**" and, collectively, the "**Debtors**") submit this motion (the "**Motion**") for entry of an order substantially in the form submitted herewith (the "**Order**") administratively consolidating their respective chapter 11 cases solely for procedural purposes and providing for joint administration thereof. In support of

this Motion, the Debtors submit and rely upon the *Declaration of Michael Chin. in Support of First Day Applications and Motions* (the "**Chin Declaration**"). In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

5. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed

6. Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the Chin Declaration, which is being filed concurrently herewith.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only pursuant to section 105(a) of

the Bankruptcy Code and Bankruptcy Rule 1015(b).[1] For the reasons set forth herein, the Debtors believe that, in light of their affiliated status and interrelated business operations, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting the Chapter 11 Cases and rendering their administration more efficient and economical.

### BASIS FOR RELIEF REQUESTED

8.  These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2)(D) of the Bankruptcy Code.[2]

9.  More specifically, in 2012, Mantara acquired UNX. UNX is a fully owned subsidiary of Mantara. Mantara is also the sole member of UNX. Thus, joint administration is appropriate and in the best interest of the Debtors' estates.

10.  Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S.*

---

[1] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

[2] Section 101(2)(D) of the Bankruptcy Code provides that the term "affiliate" means an "entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement."

*Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *Woburn Assocs. v. Kahn* (*In re Hemingway Transp.*), 954 F.2d 1, 11 (1st Cir. 1992).

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these Chapter 11 Cases would result in filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be extremely wasteful.

12. Joint administration will permit the Clerk to use a single general docket for all of the above-referenced cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the other Chapter 11 Case. To this end, contemporaneously herewith, the Debtors are filing a consolidated list of creditors.

13. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor's estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

14. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee for this District (the "**United States Trustee**") will be simplified.

15. Accordingly, the Debtors submit that joint administration of the above-referenced Chapter 11 Cases is in their best interests, as well as the best interests of their creditors and all other parties-in-interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Mantara, Inc. *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 13-13370 (____)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases are Mantara, Inc. and UNX LLC. The last four digits of their federal tax identification number are 2570 and 6704 respectively.

16. The Debtors also request a separate docket entry, substantially similar to the following, in each of the Chapter 11 Cases (other than Mantara, Inc.'s case) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of this chapter 11 case with the affiliated chapter 11 case captioned, *In re Mantara, Inc. et al.* All further docket entries shall be made in Case No. 13-13370 (___).

17. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis, provided that separate allocations of disbursements will be made for each Debtor.

## NOTICE

18. Notice of this Motion has been given to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) New York State Attorney General; (iv) the Debtors' consolidated twenty largest unsecured creditors; (v) counsel to the Debtors' secured creditors, and (vi) those parties who have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

19. No previous motion for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, the Debtors respectfully request that this Court: (a) enter an order, in the form submitted herewith, granting the relief requested herein; and (b) grant to the Debtors such other and further relief as the Court may deem proper.

Dated: October 16, 2013
      New York, New York

    Respectfully submitted,

    **LOWENSTEIN SANDLER LLP**

    */s/ Wojciech F. Jung*
    Kenneth A. Rosen, Esq.
    Wojciech F. Jung, Esq.
    1251 Avenue of the Americas, 17th Floor
    New York, New York 10020
    (212) 262-6700 (Telephone)
    (212) 262-7402 (Facsimile)

    *Proposed Counsel to the Debtors and*
    *Debtors-in-Possession*