**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Mantara, Inc., *et al.*, [1]

Debtors.

Chapter 11

Case No. 13-13370 (ALG)

(Jointly Administered)

**ORDER (A) APPROVING BIDDING PROCEDURES, (B) APPROVING BID
PROTECTIONS, (C) SCHEDULING BID DEADLINES AND AN AUCTION,
AND (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the *Motion For Entry Of An Order (the "Order") (A) Approving Bidding
Procedures, (B) Approving Bid Protections, (C) Scheduling Bid Deadlines And An Auction, And
(D) Approving The Form And Manner Of Notice Thereof* (the "Sale Procedures Motion")
[Docket No. 19] filed by Mantara, Inc. and UNX LLC (collectively, the "Debtors") as debtors in
possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases), dated October 21,
2013; seeking approval of certain sale procedures, including a timeline, and notice procedures in
connection with the sale of the Acquired Assets (as defined below); and on October 21, 2013 the
Court having scheduled a hearing on the Sale Procedures Motion and having conducted said
hearing on October 24, 2013 (the "Sale Procedures Hearing"); and upon the record set forth at
the Sale Procedures Hearing; and upon the Court's consideration of the Sale Procedures Motion,
the record of the Sale Procedures Hearing, including any objections filed and raised at the Sale
Procedures Hearing; and upon all of the proceedings had before Court, and after due
deliberation, and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

---

[1] The Debtors in these chapter 11 cases are Mantara, Inc. and UNX LLC.  The last four digits of their federal tax
identification number are (2570) and (6704) respectively.

A.      This Court has jurisdiction over this Sale Procedures Motion on pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b).  Venue of this proceeding and this Sale Procedures Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York.

B.      Prior to the commencement of these Chapter 11 Cases, the Debtors entered into that certain Asset Purchase Agreement (the "Asset Purchase Agreement") between the Debtors, as Sellers, and Deutsche Bank Securities Inc., as Buyer (the "Purchaser" and, together with the Debtors, the "Parties"), to sell the Acquired Assets (as defined in the Asset Purchase Agreement) to the Purchaser.  Subsequent to the commencement of these Chapter 11 Cases, the Parties agreed to amend the Asset Purchase Agreement as set forth in that certain First Amendment to Asset Purchase Agreement annexed hereto as **Exhibit B**.  The Asset Purchase Agreement[2] provides that the sale transaction contemplated by the Asset Purchase Agreement is conditioned upon several conditions, including Court approval of the sale following a sale hearing.  The Purchaser's obligations under the Asset Purchase Agreement and the debtor-in-possession financing proposed to be provided by the Purchaser's affiliate are also conditioned upon entry of this Sale Procedures Order.

C.      The relief requested in the Sale Procedures Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest.

---

[2] All references to the Asset Purchase Agreement shall include all amendments thereto, including Exhibit B hereto.

D.      The Debtors have articulated good and sufficient reasons for the Court to approve the relief sought in the Sale Procedures Motion, as more fully set forth herein.

E.      The notice of the Sale Procedures Motion and the Sale Procedures Hearing is satisfactory under the circumstances as evidenced by the certificate of service filed on October 23, 2013 [Docket No. 25] and constitutes due and sufficient notice to all interested parties.

F.      The Sale Procedures (as defined below) are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Sale Procedures Motion is GRANTED.

2.      All objections, if any, to the Sale Procedures Motion or the relief requested therein that have not been withdrawn, waived or settled are hereby OVERRULED.

3.      The form of the Asset Purchase Agreement annexed hereto as Exhibit A, as modified herein, is hereby approved.

4.      The form of First Amendment to Asset Purchase Agreement annexed hereto as Exhibit B, is hereby approved.

5.      The Form of the Sale Notice annexed hereto as Exhibit C is hereby approved.

6.      The Debtors are hereby authorized to establish and hereby do establish the following procedures for the sale of the Acquired Assets and notice thereof (collectively, the "Sale Procedures"):

> a.      The court shall hold a hearing to consider the *Debtors' Motion for Entry of Order Authorizing Private Sale of the Debtors' Intellectual Property Free and Clear of Liens, Claims and Encumbrances Pursuant to*

*Section 363 of the Bankruptcy Code and Granting Related Relief* filed October 16, 2013 [Dkt. No. 8] on **November 20, 2013 at 2:30 p.m. (ET).**

b.      The Debtors are authorized to consider any Superior Proposals (as defined in the Asset Purchase Agreement) that are actually received by the Debtors prior to **4:00 p.m. prevailing Eastern Time on November 15, 2013** (the "Bid Deadline") by e-mail (wjung@lowenstein.com) and other modes of delivery to Lowenstein Sandler LLP, Attn: Wojciech F. Jung, Esq., 1251 Avenue of the Americas, 17th Floor, New York, NY 10020; provided, however, that the definition of "Superior Proposal" set forth the Asset Purchase Agreement is hereby modified such that any such offer proposal, at a minimum, be for cash consideration in an amount that exceeds the value of the Purchase Price (as defined in the Asset Purchase Agreement) by no less than $125,000.00 (instead of $350,000). All Superior Proposals shall be accompanied by a redline of the Asset Purchase Agreement.

c.      The Debtors shall provide a written copy of any third-party bids (regardless of whether such bids constitute Superior Proposals) to the Purchaser and counsel for the Purchaser no later than 7:00 p.m. prevailing Eastern Time on November 15, 2013, or at such other times as such bids are received by the Debtors.

d.      If any Superior Proposals are received by the Debtors prior to the Bid Deadline, the Debtors shall conduct an auction (the "Auction") for the sale of the Acquired Assets at **11:00 a.m. prevailing Eastern Time on November 19, 2013**. The Auction shall take place as the offices of Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020. At the conclusion of the Auction the Debtors, after consultation with the creditors committee that may be appointed in these chapter 11 cases (the "Committee"); shall select the highest and best bid.

e.      In the event a sale of the Acquired Assets (or any portion thereof) to a buyer other than the Purchaser (a "Third-Party Purchaser") pursuant to a Superior Proposal is approved by this Court, the Debtors shall pay, from the first proceeds of such sale or any sale thereafter consummated with a Third-Party Purchaser, an amount equal to (i) the then-outstanding DIP Obligations (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c), and 365(e); (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (IV) Granting Related Relief*, entered concurrently herewith (the "DIP Order")), *plus* (ii) the bid protections (the "Bid Protections") of $50,000 to the Purchaser as compensation for the time expended and expenses incurred by the Purchaser in negotiating the Asset Purchase Agreement and performing due diligence in connection therewith and in recognition of the additional

-4-

value generated for the estate by virtue of the Purchaser's offer to acquire the Acquired Assets.

f.      At the Auction, participants (including Purchaser) will be permitted to increase their bids. Bidding will start at the highest purchase price received by the Debtors prior to the Auction and will proceed thereafter in increments of $50,000.

g.      The Debtors may adopt rules, after consultation with the Committee, for the Auction at any time that the Debtors determine to be appropriate to promote the goals of the bidding process and that are not inconsistent with these bidding procedures. Any Auction rules adopted by the Debtors will not in any material way modify any of the terms of the Asset Purchase Agreement (as may be consensually modified at any Auction) without the consent of the Purchaser.  Any rules developed by the Debtors will provide that all bids will be made and received in one room, on an open basis, and all other bidders will be entitled to be present for all bidding with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each qualified bid submitted in response to the Asset Purchase Agreement or to any successive bids made at the Auction will be fully disclosed to all other bidders throughout the entire Auction, and each qualified bidder will be permitted what the Debtors determine to be an appropriate amount of time to respond to the previous bid at the Auction.

h.      The Debtors reserve the right to and may, after consultation with the Committee, if any, reject at any time before entry of the relevant Sale Order any bid that, in the Debtors' judgment, is: (A) inadequate or insufficient; (B) not in conformity with the requirements of the Bankruptcy Code, these Sale Procedures or the terms and conditions of the sale of the Acquired Assets; or (C) contrary to the best interests of the Debtors and their estates.

i.      On or before October 28, 2013, the Debtors shall provide copies of the Sale Notice of the Sale Hearing, together with the Asset Purchase Agreement, the Sale Procedures, the Sale Motion, to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) New York State Attorney General's Office; (iv) the Debtors' secured creditors; (v) each of the Debtor's 20 largest non-insider creditors, (vi) all known current and former employees of the Debtors with potential interest in the Acquired Assets, and (vii) all parties who have expressed interest in the Acquired Assets, and such notice shall constitute due, proper, timely, adequate and sufficient notice thereof.

j.      The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for

the Sale Hearing and the filing of a notice of adjournment on the Bankruptcy Court's docket.

7.     The foregoing Sale Procedures shall govern the sale of the Acquired Assets notwithstanding anything to the contrary in the Asset Purchase Agreement or any pleadings filed by the Debtors in these Chapter 11 Cases; provided, however, that the Parties are hereby authorized to modify the Asset Purchase Agreement and the DIP Credit Agreement (as defined in the DIP Order) (pursuant to the procedures set forth in each such document governing modification or amendment thereof) to conform those documents to this Sale Procedures Order.

8.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   October 25, 2013
         New York, New York

         s/Allan L. Gropper
         The Honorable Allan L. Gropper
         United States Bankruptcy Judge