UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Mantara, Inc., *et al.*, [1] | Case No. 13-13370 (ALG) |
| Debtors. | (Jointly Administered) |

ORDER: (I) APPROVING SALE OF SUBSTANTIALLY ALL OF THE
INTELLECTUAL PROPERTY ASSETS OF THE DEBTORS FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCE PURSUANT TO
11 U.S.C. § 363; AND (II) GRANTING RELATED RELIEF

Upon the motion of Mantara, Inc. and UNX LLC (collectively, the "Debtors") as debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases), dated October 16, 2013 (the "Sale Motion"), for an order (this "Order") pursuant to sections 105(a) and 363 of title 11, United States Code, 11 U.S.C. § 101 *et seq*. as amended (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Amended Guidelines for the Conduct of Asset Sales, General Order M-383 of the Bankruptcy Court for the Southern District of New York (the "SDNY Sale Guidelines") (i) approving the Asset Purchase Agreement attached hereto as **Exhibit A** (together with all Related Agreements (as defined therein), the "Asset Purchase Agreement") between the Debtors, as Sellers, and Deutsche Bank Securities Inc., as Buyer (the "Purchaser"), to acquire substantially all of the intellectual property assets and rights of the Debtors (as more fully described in the Asset Purchase Agreement and as such term is defined therein, the "Acquired Assets"), and (ii) authorizing the sale of the Acquired Assets free and clear of all Encumbrances (as defined below); and the Court having conducted a hearing on the Sale Motion (the "Sale Hearing") to

---

[1] The Debtors in these chapter 11 cases are Mantara, Inc. and UNX LLC. The last four digits of their federal tax identification number are 2570 and 6704 respectively.

approve the sale of the Acquired Assets to the Purchaser on the terms and conditions set forth in the Asset Purchase Agreement; and upon the record set forth at the Sale Hearing; and the Court having considered the evidence and the arguments of all parties in interest at the Sale Hearing; and the Court having considered the Sale Motion, together with any objections thereto; and it appearing that the relief sought by the Debtors with respect to the sale of the Acquired Assets to the Purchaser is reasonable, necessary, and in the best interests of the Debtors' creditors and estates; and after due deliberation and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

A.    This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). Venue of this proceeding and this Sale Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004, Local Rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the SDNY Sale Guidelines.

B.    The Debtors have provided notice of the Sale Motion and the Sale Hearing as set forth in the Certificates of Service, dated October 23 and 29, 2013 [Docket Nos. 25 and 39, respectively]. Accordingly, due, proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing and the Asset Purchase Agreement and the transactions contemplated thereby has been provided to all parties entitled thereto, in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice is required.

C. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

D. The Debtors have complied in all material respects with the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

E. Due and proper notice of the Sale Motion, the Sale Hearing and the Asset Purchase Agreement and the transactions contemplated thereby has been given to all parties entitled thereto, as required by Bankruptcy Rules 2002 and 6004.

F. The Debtors have sufficiently marketed the Acquired Assets in good faith and under the circumstances to secure the highest and best offer therefor.

G. The terms and conditions set forth in the Asset Purchase Agreement are fair, reasonable, and in the best interests of the Debtors, their creditors and their estates, and the Debtors' determination to enter into the Asset Purchase Agreement constitutes a reasonable exercise of the Debtors' business judgment.

H. The Purchaser's offer to purchase the Acquired Assets constitutes the highest and best offer received by the Debtors with respect to the Acquired Assets. No other person or entity or group of persons or entities has offered to purchase, license and/or otherwise acquire the Acquired Assets for greater economic value to the Debtors' estates than the Purchaser.

I. The record establishes that there are good, valid, and sound business purposes for the sale of the Acquired Assets in accordance with the terms of the Asset Purchase Agreement.

J. The Asset Purchase Agreement was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and from arm's length bargaining positions. The Debtors and the Purchasers have at all times acted in good faith and in accordance with applicable law. The Asset Purchase Agreement was not entered into for the

purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, territory, possession thereof, or the District of Columbia. Neither of the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code. The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in consummating the transactions contemplated by the Asset Purchase Agreement. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement at all times after the entry of this Order.

K.    The consideration to be provided by the Purchaser for the Acquired Assets pursuant to the Asset Purchase Agreement (i) is fair and reasonable, (ii) represents the highest and best offer for the Acquired Assets, and (iii) constitutes reasonably equivalent value and fair consideration for the Acquired Assets under the Bankruptcy Code and under the laws of the United States, any state, territory, possession thereof, and the District of Columbia.

L.    The Debtors are the lawful owners of the Acquired Assets, and the Acquired Assets constitute property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code. Upon entry of this Order, the Debtors shall have full authority and power to execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, to perform their obligations thereunder, and to consummate the transactions contemplated thereby. The execution, delivery, and performance of the Asset Purchase Agreement has been duly and validly authorized by all necessary action. No further consents or

approvals are necessary or required for the Debtors to perform their obligations under the Asset Purchase Agreement or consummate the transactions contemplated thereby.

M.    The Purchaser will not consummate the transactions contemplated by the Asset Purchase Agreement unless the Asset Purchase Agreement specifically provides, and the Bankruptcy Court specifically orders, that the Purchaser will acquire the Acquired Assets free and clear of, and will have no liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, interests, rights, causes of action, obligations, debts, demands, guaranties, contractual commitments, restrictions, and interests (including, without limitation, all Liens (as that term is defined in the Asset Purchase Agreement)) of any kind, nature or description whatsoever, arising under or out of, in connection with, or in any way relating to, any acts of the Debtors or the Acquired Assets, in each case whether direct or indirect, absolute or contingent, primary or derivative, matured or unmatured, liquidated or unliquidated, perfected, registered or filed, secured or unsecured, whether imposed by agreement, understanding, law, equity or otherwise, as an encumbrance upon the Acquired Assets or as a personal liability imposed upon the Purchaser as a result of the purchase of the Acquired Assets (collectively, "<u>Encumbrances</u>").

N.    With respect to any and all entities asserting any Encumbrances, either (i) such entity has consented to the sale and transfer, free and clear of its Encumbrance, with such Encumbrance to attach to the proceeds of such sale and transfer, (ii) applicable nonbankruptcy law permits the sale of the Purchased Assets free and clear of such Encumbrance, (iii) such Encumbrance is in bona fide dispute, or (iv) such entity could be compelled, in a legal or

equitable proceeding, to accept a money satisfaction of such Encumbrance, so that the conditions of section 363(f) of the Bankruptcy Code have been met.

O.    Upon the Closing (as defined in the Asset Purchase Agreement) of the transactions contemplated by the Asset Purchase Agreement, the sale and transfer of the Acquired Assets to the Purchaser shall be a legal, valid and effective transfer of the Acquired Assets to the Purchaser, and shall vest in the Purchaser all right, title and interest in the Acquired Assets in accordance with the terms and conditions of the Asset Purchase Agreement free and clear of any Encumbrances, including, without limitation, any claims pursuant to any successor or successor-in-interest liability theory, under sections 105(a) and 363(f) of the Bankruptcy Code or any state or local taxing statute including, without limitation, under section 1141 of the New York State Tax Law and section 6812 of the California Revenue and Taxation Code, or otherwise.

P.    The Purchaser is not holding itself out to the public as a continuation of the Debtors. Except as expressly set forth in the Asset Purchase Agreement with respect to Assumed Liabilities (as defined in the Asset Purchase Agreement), if any, the Purchaser shall not have any liability for any (i) obligation of the Debtors or their estates or (ii) claim against the Debtors or their estates related to the Purchased Assets by reason of the transfer of the Purchased Assets to the Purchaser. The Purchaser shall not be deemed, as a result of any action taken in connection with the purchase of the Acquired Assets or otherwise, to: (1) be a successor to the Debtor; or (2) have, de facto or otherwise, merged with or into the Debtor. The Purchaser is not acquiring or assuming any liability, warranty or other obligation of the Debtors, except as expressly set forth in the Asset Purchase Agreement with respect to the Assumed Liabilities.

Q. The Purchaser does not constitute a successor to either of the Debtors because: (i) except as otherwise set forth in the Asset Purchase Agreement, the Purchaser is not expressly or impliedly agreeing to assume any of the Debtors' liabilities; (ii) the transactions contemplated by the Asset Purchase Agreement do not amount to a consolidation, merger or de facto merger of either or both of the Debtors and the Purchaser; (iii) the Purchaser is not merely a continuation of the Debtor and (iv) the transactions contemplated by the Asset Purchase Agreement are not being entered into fraudulently or in order to escape liability from the Debtors' assets.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Sale Motion is GRANTED.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled are hereby OVERRULED.

3. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Acquired Assets to the Purchaser free and clear of any and all Encumbrances in accordance with the terms of the Asset Purchase Agreement and this Order.

4. The Asset Purchase Agreement is hereby approved in all respects and shall be deemed in full force and effect, binding and benefiting the Debtors and the Purchaser. The failure specifically to include any particular provisions of the Asset Purchase Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Asset Purchase Agreement and each and every provision, term, and condition thereof be authorized and approved in its entirety.

5. The Debtors are authorized and directed to execute and deliver the Asset Purchase Agreement and consummate the transactions contemplated thereby, including, without limitation, to sell the Acquired Assets to the Purchaser on the terms and conditions of the Asset Purchase Agreement for the purchase price set forth therein.  The Debtors are authorized and directed to deliver deeds, bills of sale and such other documentation and to take such other actions as may be necessary or requested by the Purchaser in accordance with the terms of the Asset Purchase Agreement to evidence the transfers required by the Asset Purchase Agreement or consummate the transactions contemplated thereby, without further application to, or order of, this Court.

6. The transfer of the Acquired Assets pursuant to the Asset Purchase Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the United States, any state, territory, possession thereof, and the District of Columbia.

7. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

8. The transfer of the Acquired Assets to the Purchaser constitutes a legal, valid, and effective transfer of the Acquired Assets to the Purchaser, and shall vest the Purchaser with all right, title, and interest of the Debtors in and to the Acquired Assets, free and clear of all Encumbrances (including without limitation any and all Liens and Excluded Liabilities (each as defined in the Asset Purchase Agreement)).  Upon the Closing, the Purchaser shall take title to and possession of the Acquired Assets.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Acquired Assets shall be free and clear of any and all Encumbrances,

including, without limitation, any claims pursuant to any successor liability or de facto merger theory or cause of action, or the like under applicable bankruptcy or non-bankruptcy law; provided, however, that the Purchaser shall not be relieved of liability with respect to the Assumed Liabilities.  Upon the Closing, each creditor is directed to execute such documents and take all other actions as may be necessary to release Encumbrances, if any, on the Acquired Assets.  All Encumbrances shall attach solely to the proceeds of the Sale with the same validity and priority as they attached to the Acquired Assets immediately prior to the Closing of the Sale.

9. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, effective upon the Closing, all persons or entities asserting or who have asserted or may assert any Encumbrances against the Acquired Assets together with their officers, employees, agents, attorneys, and other representatives are hereby permanently enjoined and precluded from asserting any such Encumbrance or taking any action to collect or enforce any such Encumbrance (i) against the Purchaser, (ii) against any of the Purchaser's affiliates, members, partners, shareholders, directors, officers, employees, subsidiaries, successors or assigns, or (iii) against any of the Acquired Assets and this Court shall retain jurisdiction to make such other and further orders as may be necessary to enforce such enjoinder and preclusion.  Neither the Purchaser nor any of its affiliates, members, partners, shareholders, directors, officers, employees, subsidiaries, successors or assigns nor any of the Acquired Assets will have any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Encumbrance.

10. All entities or persons that are in possession of some or all of the Acquired Assets on the Closing Date (as defined in the Asset Purchase Agreement) are required and directed to surrender possession of such Acquired Assets to the Purchaser or its assignee or

designee as soon as possible upon request after the Closing, and this Court shall retain jurisdiction to make such other and further orders as may be necessary to facilitate the orderly delivery of possession of such Acquired Assets.

        11.    Except for the Assumed Liabilities, the Purchaser shall not have any liability or other obligation of the Debtors arising under or related to any of the Purchased Assets, including but not limited to the Excluded Liabilities. Without limiting the generality of the foregoing, and except as otherwise specifically provided in the Asset Purchase Agreement, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, or liquidated or unliquidated with respect to either Debtor or any obligations of either Debtor arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Acquired Assets prior to the Closing Date, and the Purchaser shall be exonerated of any successor, transferee or similar derivative liability to any state or taxing authority thereof with regard to any collection, payment or other liability for Taxes of the Sellers (as defined in the Asset Purchase Agreement), including excise tax, and every state and taxing authority thereof, together with their officers, employees, agents, attorneys, and other representatives, is hereby permanently enjoined and precluded from taking any action to collect any successor, transferee or similar derivative collection, payment or other liability for Taxes owing by the Sellers from (i) the Purchaser, (ii) any of the Purchaser's affiliates, members, partners, shareholders, directors, officers, employees, subsidiaries, successors or assigns, or (iii) an in rem action against the Acquired Assets and this Court shall retain jurisdiction to make such other and further orders as may be necessary to enforce such

enjoinder and preclusion. The Purchaser has given substantial consideration under the Asset Purchase Agreement for the benefit of the holders of any Liens, claims, Encumbrances and interests relating to the Acquired Assets.

12. No bulk sale law or any similar law of any state or jurisdiction shall apply in any way to any of the transactions contemplated under the Asset Purchase Agreement.

13. The provisions of this Order authorizing the sale of the Acquired Assets free and clear of Encumbrances shall be self-executing, and neither the Debtors, the Purchasers, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Asset Purchase Agreement and this Order. Without in any way limiting the foregoing, (i) the Debtors shall deliver to the Purchaser such further information and documents and shall execute and deliver to the Purchaser such further instruments and agreements as the Purchaser shall reasonably request to consummate or confirm the transactions provided for in the Asset Purchase Agreement, to accomplish the purpose of the Asset Purchase Agreement or to assure to the Purchaser the benefits of the Asset Purchase Agreement; and (ii) the Purchaser is hereby empowered, and appointed the attorney in fact, with full power of substitution, on behalf of the Debtors and each holder of Encumbrances against the Acquired Assets, to execute and file releases, termination statements, assignments, consents, cancellations or other instruments that may be necessary, appropriate, or desirable to effectuate, consummate, and/or implement the provisions hereof.

14. Upon consummation of the transactions contemplated by the Asset Purchase Agreement, the Debtors, their estates and each Related Party (as defined in the Release of Claims to be executed concurrently with the closing of the transactions contemplated by the Asset Purchase Agreement substantially in the form and substance of Exhibit C to the Asset Purchase Agreement (the "Release of Claims")) shall, and shall be deemed to, irrevocably and unconditionally release, waive, forever discharge and covenant not to sue the Purchaser and each of the other Released Parties (as defined in the Release of Claims) from any and all claims, debts, causes of action and liabilities that any of the Debtors, their estates or any Related Party had, has or may have against any or all of the Released Parties related to and only with respect to the Released Parties' business relationship and/or business dealings with the Releasing Parties (as defined in the Release of Claims) (but excluding (i) any objection to, or challenge of, any Released Parties' Promissory Note Claims (as defined in the Release of Claims), and (ii) any claims and causes of action any Releasing Party has or may have to recharacterize any Released Parties' Note Claims as equity and/or to subordinate such Released Parties' Note Claims to other claims against the Releasing Parties), all as more fully described and set forth in the Release of Claims.

15. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization or liquidation or which may be entered dismissing the Debtors' cases or converting the Debtors' cases to Chapter 7 cases or appointing any Chapter 7 or Chapter 11 trustee, and shall be binding on (i) the Debtors and their respective estates, successors and assigns, including without limitation any trustee, examiner, representative, liquidating trustee, administrative agent or estate representative elected or appointed in either Chapter 11 Case or in any superseding Chapter 7

case involving one or both of the Debtors, (ii) all creditors (whether known or unknown) of and holders of equity interests in the Debtors and any holders of Encumbrances in, against or on all or any portion of the Acquired Assets, and (iii) the Purchasers and their respective successors and assigns.

16. The Court shall retain jurisdiction over the Debtors, the Purchaser, and all parties asserting Encumbrances on or in the Acquired Assets, for the purpose of enforcing, implementing, interpreting, consummating and/or effectuating the provisions of this Order, the Asset Purchase Agreement, and all agreements arising out of, related to, or approved pursuant to this Order.

17. Any and all governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to Purchaser of the Acquired Assets and to cancel the liens and other Encumbrances of record with respect to the Purchased Assets.

18. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and conditions of the Asset Purchase Agreement and the provisions of this Order.

19. This Order and the Asset Purchase Agreement shall inure to the benefit of the Debtors, the Debtors' respective estates, the Debtors' creditors, the Purchaser, and each of their respective successors and assigns. The Asset Purchase agreement any related agreement(s) shall not be subject to rejection.

20. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies,

recorders of mortgages, recorders of deeds, registrars of deed, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities, together with their officers, employees, agents, attorneys, and other representatives, who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease and each of the foregoing persons and entities, is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

21.     Nothing contained in any other order in these Chapter 11 Cases shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, any related agreement or the terms of this Order, including but not limited to any obligation of the Debtors pursuant to the Asset Purchase Agreement or any transactions contemplated thereby in the time and manner provided in the Asset Purchase Agreement and without further order of this Court.

22.     The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

23.     Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal shall not affect the validity of the transfer of the Acquired Assets to any Purchaser.

24. This Order shall be effective immediately upon entry, and no stay of execution, pursuant to Fed. R. Bankr. P. 6004(h) or 6006(d) or otherwise, shall apply with respect to this Order.

Dated: December 6, 2013
       New York, New York

**s/Allan L. Gropper**
The Honorable Allan L. Gropper
United States Bankruptcy Judge